(C.D. 4565)

PARKSMITH CORPORATION *v.* UNITED STATES

Court No. 71–12–01923

(Dated November 6, 1974)

*Serko & Sklaroff* (*David Serko* of counsel) for the plaintiff.
*Carla A. Hills*, Assistant Attorney General (*Edward S. Rudofsky*, trial attorney), for the defendant.

WATSON, Judge: Defendant has moved for an order severing eight of the protests in this action and dismissing them on the ground the court lacks jurisdiction, more particularly that the party protesting the classification is not the party which made the entry and that the plaintiff named in the summons and complaint is not the party which entered the merchandise, or which protested its classification. Defendant points out that with regard to the challenged portions of this action the entries were made by "Parksmith, a Div. of Universal Marion Corp." an entity organized and existing under the laws of the State of Florida; the protests were made by "Parksmith Corp. Div. of Universal Marion Corp." and the summons and complaint were made in the name of Parksmith Corp. a corporation organized under the laws of the State of New York.

Neither in its opposition to the motion or in oral argument did plaintiff explain how a New York corporation happens to be in court challenging the tariff treatment of merchandise imported by a Florida corporation. Nor has plaintiff explained how the protests could be valid if they were not brought by the Universal Marion Corp.

Plaintiff has requested that the court issue a written opinion on this matter to provide guidelines on the issue raised. Although the hosts of dismissals without comment in previous "Parksmith" cases might be expected to alert plaintiff to the obvious deficiencies of its presentation, I am willing to be specific. I am dismissing the challenged protests for lack of jurisdiction because plaintiff has not come forward with even a single shred of evidence to clarify the doubts existing with regard to the jurisdiction of the court. Specifically, plaintiff has completely failed to explain why the party making the challenged protests appears to be different from the party entering the merchandise. Plaintiff has completely failed to explain why the plaintiff on the summons and complaint is not the same party who entered the

merchandise. Plaintiff has failed to answer the question, "Why is the party which initiated this action not the same party which imported this merchandise?" Or stated differently, what makes Parksmith Corp. the correct party to bring this action insofar as it relates to the challenged entries?

In sum, my guidelines herein are as follows: If the jurisdiction of the court is challenged, as it has been here by defendant, the plaintiff must prove that jurisdiction exists. In this case it means that plaintiff must prove the existence of facts from which it can be reasonably concluded that the challenged protests were made and ultimately brought to court by the party allowed to do so under the law. Without evidence of any sort, there is no need to discuss cases in which plaintiffs successfully rose to jurisdictional challenges. See for example, *The Diamond Match Company* v. *United States* (*Winter, Wolff & Co., Inc., Party In Interest*), 45 Cust. Ct. 198, C.D. 2223 (1960), aff'd 49 CCPA 52, C.A.D. 796 (1962); *Triumph Glove Co.* v. *United States*, 24 Cust. Ct. 221, C.D. 1237 (1950); and *M. de Orlando & Co.* v. *United States*, 38 Treas. Dec. 180, T.D. 38303, G.A. 8325 (1920).

Defendant has argued that plaintiff ought to be estopped from asserting jurisdiction herein by virtue of the multiplicity of prior cases in which, on similar facts, defendant's motion to dismiss was granted. As much as I am inclined to find some drastic and decisive way of giving short shrift to plaintiff's opposition, I do not feel that collateral estoppel applies.

The mechanics of the motion process used therein and the disposition without opinion suggests as a more accurately phrased statement of prior results merely that plaintiff has failed to sustain or prove jurisdiction in the past. This in itself does not necessarily generate a final conclusion regarding jurisdiction but rather a conclusion regarding plaintiff's failure in each instance to adduce the necessary proof.

For the reasons expressed above, defendant's motion to sever protests 1001–1–008860, 1001–1–009789, 1001–1–011958, 1001–1–012198, 1001–1–012508, 1001–1–016547, 1001–1–019250 and 1001–1–021295 from this action and to dismiss the same is granted.